Petition for rehearing granted, opinion filed 8/20/98 withdrawn, motion to dismiss granted, and appeal dismissed by unpublished order filed 9/8/99.

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

<u>Debtor.</u>

No. 98-1308

GERALDINE VELU,
<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1302-R)

Submitted: July 31, 1998

Decided: August 20, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Geraldine Velu, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Geraldine Velu, a disappointed Dalkon Shield Claimant, appeals from the district court's order denying her motion to vacate an alternative dispute resolution (ADR) decision. Because the district court did not abuse its discretion, we affirm.

Velu claimed that the Dalkon Shield caused uncontrollable bleeding, pelvic inflammatory disease (PID), and infertility. None of the records she submitted to the Dalkon Shield Claimants Trust (Trust) substantiated her claims of PID or infertility as the result of her using the Dalkon Shield. Therefore, the Trust extended her an offer based only on uncontrolled bleeding.

Velu rejected the offer and elected to proceed to ADR. In doing so, she agreed that the ADR process would be governed by the Second Amended ADR Rules and that the referee's decision would be final and binding.

A hearing before the ADR referee was scheduled for June 26, 1997. In accordance with ADR Rule 8, the Trust submitted to the referee those documents it proposed to present as evidence at the hearing. Included were Velu's Option 3 claim form and all medical records she had previously sent to the Trust. Velu was served with copies of these documents. Velu also submitted to the referee six medical records which were duplicative of the material submitted by the Trust. None of the records show that Velu suffered from PID when the Dalkon Shield was in place.

The referee found that Velu was entitled to $6000 in damages for uncontrolled bleeding. The referee found that Velu did not satisfy her burden of proof regarding PID and infertility, however.

2

Following the hearing, Velu, for the first time, produced a medical record from October 1973 documenting PID while wearing the Dalkon Shield. She asked the Trust to agree to have the referee reconsider his decision in light of this new evidence. The Trust refused, and Velu then asked the district court to vacate the ADR decision so that she could introduce the October 1973 record at a new ADR proceeding.

The district court denied the motion. Velu conceded that, prior to the ADR hearing, she received copies of the documents that the Trust intended to present at the ADR proceeding. She was on notice that none of the Trust's materials documented PID. Further, none of the material that Velu herself submitted to the referee contained the critical document. Velu did not assert until after the referee's decision that a record was missing. The court concluded that Velu had not met her burden of proving all the claimed injuries. Because Velu did not demonstrate by clear and convincing evidence that the referee had exhibited flagrant misconduct in reaching his decision, the district court denied the motion to vacate the ADR decision.

The decision of an ADR referee is "binding and final," and a Dalkon Shield Claimant generally relinquishes the right to judicial review. See In re A. H. Robins, Inc. (Bledsoe v. Dalkon Shield Claimants Trust), 112 F.3d 160, 163 (4th Cir. 1997). The ADR Agreement which Velu signed and the Second Amended ADR Rules by which she agreed to be bound provide no mechanism for judicial review of a referee's decision. Nonetheless, the district court may grant relief from an ADR decision "`where the moving party demonstrates flagrant referee misconduct by clear and convincing evidence.'" Id. We review the district court's refusal to vacate an ADR decision for abuse of discretion. See id.

Here, there was no flagrant misconduct. The referee decided the matter on the basis of the evidence before him. Velu's negligence in failing to procure the critical document until after the hearing may not be imputed to the referee. In the absence of flagrant misconduct by the referee, we find that the district court did not abuse its discretion and affirm the order denying Velu's motion to vacate the ADR decision.

3

We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4